FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JUN -4 PM 12: 48

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

BY_____

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore Field Office<br>10 S. Howard Street, Third Floor<br>Baltimore, Maryland 21201<br><br>Plaintiff,<br><br>v.<br><br>SPOA, LLC, d/b/a Basta Pasta,<br>2745 Fallston Road<br>Fallston, MD 21047<br><br>Defendant. | Civil Action No. **CCB13CV1615**<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A, to correct unlawful employment practices on the bases of sex and retaliation and to make whole former waitress Jane Doe,[1] former manager Dimitra Kokkinakos, and similarly situated female employees of Defendant SPOA, LLC d/b/a Basta Pasta. As alleged with greater particularity in Paragraphs 7 and 8 below, the Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Jane Doe and a class of similarly situated female employees were subjected to a sexually hostile work environment by Defendant's owner Michael Sakellis. The hostile work environment culminated in Jane Doe's and another female claimant's constructive discharges. The Commission further alleges that

---

[1] Given the public interest in protecting the identities of sexual assault victims, the EEOC is utilizing a pseudonym for the former waitress.

Defendant retaliated against Kokkinakos by discharging her and threatening her as a result of her numerous complaints to Sakellis about his sexually charged behavior, aiding Jane Doe following her sexual assault, and her participation in the EEOC investigation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant SPOA, LLC d/b/a Basta Pasta ("Basta Pasta") has continuously been and is now a Maryland limited liability company doing business in the State of Maryland and the City of Fallston and the City of Lutherville-Timonium, and has continuously had at least 15 employees.

5. At all relevant times, Defendant SPOA, LLC d/b/a Basta Pasta has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jane Doe filed a charge with the Commission alleging violations of Title VII by Defendant SPOA, LLC d/b/a Basta Pasta. All conditions precedent to the institution of this lawsuit are fulfilled.

7. Since at least August 2006, Defendant SPOA, LLC d/b/a Basta Pasta has engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Jane Doe and similarly situated female employees to a sexually hostile and offensive work environment by Owner Michael Sakellis. Incidents of harassment by Sakellis to female employees include, but are not limited to:

a. Frequent sexual touching, including patting a female employee on the rear end, caressing females' lower backs, squeezing a female's shoulders, pulling a female employee's bra strap, placing a female employee in a headlock, and rubbing his genatalia into a female's rear at least twice a week; touching female employees on their lower backs near their rear ends, and cornering the female employees at their work station;

b. Frequent sexual comments, such as telling female employees he wanted to take them home; stating his wife would be angry if she saw him touching a female employee; remarking "look at that ass" and "Oh, the things I want to do to you;" telling female employees they looked sexy or hot; telling female employees they could just wear tank tops instead of work shirts; stating he should hire a female employee to give massages at his house; remarking on females' breasts and rear ends; asking what a female employee does with her boyfriend;

c. Gesturing to his shoulders, indicating he wanted a shoulder massage, or asking for a shoulder or hand massage;

d. Staring at female employees' body parts, such as their rear ends and giving sexual looks;

e. Pushing alcoholic drinks on female employees at the conclusion of their shifts and acting offended if they did not stay and drink, and flirting and making sexually suggestive remarks;

f. Telling a female employee, Mary Smith,[2] that his wife was away and he would take her to his home and "show her a few things," providing her alcohol, after which she passed out and later woke up vomiting, causing her to believe that he drugged her in an attempt to rape her;

g. Constructively discharging Mary Smith;

h. Providing alcohol to Jane Doe following her shift, approximately a week after the events described in paragraph 7.f and around July 26, 2009, taking her to his home ostensibly to discuss a "management opportunity," insisting she drink more alcohol at his home during which time she believes she was slipped a date rape drug because she became dizzy and paralyzed, during which time he sexually assaulted her;

i. Following Doe's sexual assault, constructively discharging her.

8. Since at least August 2008, Defendant SPOA, LLC d/b/a Basta Pasta has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include the following:

a. Kokkinakos engaged in protected activity when she complained numerous times to management about Owner Sakellis's sexually charged behavior and by aiding Jane Doe following the sexual assault in or around late July 2009;

---

[2] Given the public interest in protecting the identities of attempted sexual assault victims, the EEOC is also utilizing a pseudonym for this former waitress.

4

b.  Defendant, through its agent, upon learning that Kokkinakos had been in contact with Jane Doe following her sexual assault, warned Kokkinakos that she better keep her mouth shut, and shortly thereafter discharged her;

c.  Defendant, through its agent, threatened Kokkinakos following her participation with the EEOC investigation, including pressuring her to recant her testimony and threatening her with a defamation lawsuit.

9. The unlawful employment practices complained of in Paragraphs 7 and 8 above were and are intentional.

10. The unlawful employment practices complained of in Paragraphs 7 and 8 above were and are done with malice or with reckless indifference to the federally protected rights of Jane Doe, Mary Smith, Kokkinakos, and similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant SPOA, LLC d/b/a Basta Pasta, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and from retaliating against persons who engage in protected activity;

B.  Order Defendant SPOA, LLC d/b/a Basta Pasta to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate sexual harassment and retaliation, which prevent sexual harassment and retaliation from occurring in the future, and which eradicate the effects of past and present unlawful employment practices;

C. Order Defendant SPOA, LLC d/b/a Basta Pasta to make whole Jane Doe, Mary Smith, and Kokkinakos by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or reinstatement;

D. Order Defendant SPOA, LLC d/b/a Basta Pasta to make whole Jane Doe, Mary Smith, Kokkinakos, and similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7 and 8;

E. Order Defendant SPOA, LLC d/b/a Basta Pasta to make whole Jane Doe, Mary Smith, Kokkinakos, and similarly situated female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 7 and 8, including but not limited to emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation;

F. Order Defendant SPOA, LLC d/b/a Basta Pasta to pay Jane Doe, Mary Smith, Kokkinakos, and similarly situated females employees punitive damages for its malicious and reckless conduct described in Paragraphs 7 and 8, in amounts to be determined at trial;

G. Grant such further relief as the Court deems proper;

H. Award the Commission its costs in this action;

I. Award Jane Doe's counsel attorney's fees and costs associated with the administrative proceedings.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney

LINDSEY A. WHITE
Trial Attorney
Federal Bar No. 29183
U.S. EEOC
10 S. Howard Street, Third Floor
Baltimore, Maryland 21201
Phone: 410-209-2233
Lindsey.white@eeoc.gov