IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY　＊
COMMISSION　＊
　　　　v.　＊　Civil No. CCB-13-1615
SPOA, LLC　＊

## MEMORANDUM

This case arises out of the Equal Employment Opportunity Commission's ("EEOC" or "Commission") claims that defendant Spoa, LLC (d/b/a Basta Pasta) violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. According to the EEOC, owner Michael Sakellis sexually harassed former waitress Jane Doe and other similarly situated female employees. The EEOC also claims that Sakellis slipped date rape drugs into Doe's and another former employee's, Mary Smith's, beverages in an attempt to rape or sexually assault them. Now pending before the court are the following: Spoa's motion to compel compliance with the court's October 15, 2013, Order and for other relief,[1] the EEOC's motion for entry of a protective order,[2] and the EEOC's and plaintiff-intervenor Doe's motion to strike certain

---

[1] Spoa additionally requests thirty days from the date of disclosure of Smith's true identity to answer claims regarding Smith, as well as costs and attorneys' fees associated with filing this motion. Spoa's request for costs and attorneys' fees will be denied.

[2] The EEOC also seeks its costs for opposing Spoa's motion to compel. (*See* Pls.' Mot. for Protective Order, ECF No. 25-1, at 9.) The EEOC is correct that the deadline for providing Smith's identity to Spoa had not passed when Spoa filed the motion to compel. *See* Fed. R. Civ. P. 12(e) (providing that, if the court grants a motion for a more definite statement, the party has fourteen days to comply with the court order). But emails between the EEOC and Spoa's counsel suggested that the parties did not agree on how to implement the court's October 15, 2013, Order. (*See* Emails Between Julie Janofsky and Lindsey White, ECF No. 23-1, at 1–2.) Spoa indicated that the EEOC would not provide Smith's identity until Spoa agreed to the

1

affirmative defenses in Spoa's answers to their complaints. In particular, the EEOC and Doe move to strike Spoa's affirmative defenses nos. 8–10 and 21 in its answer to the EEOC's complaint, (ECF No. 28), and affirmative defenses nos. 8–9 and 15 in its answer to Doe's amended complaint, (ECF No. 29). The parties have fully briefed the issues, and no oral argument is necessary. *See* Local R. 105.6. For the reasons stated below, Spoa's motion to compel and for other relief will be granted in part—as to its request for thirty days from the date of disclosure of Smith's identity to answer claims regarding Smith—and otherwise denied, the EEOC's motion for a protective order will be granted, and the EEOC's and Doe's motion to strike will be granted in part—as to affirmative defenses nos. 8–10 in Spoa's answer to the EEOC's complaint and affirmative defenses nos. 8–9 in Spoa's answer to Doe's amended complaint —and otherwise denied.

## BACKGROUND

On October 15, 2013, the court issued an Order and accompanying Memorandum opinion granting Doe's motion to intervene, granting Doe's motion to proceed under a pseudonym and similarly allowing Smith to use a pseudonym, denying Spoa's motion to dismiss, and granting in part and denying in part Spoa's motion for a more definite statement. (*See* ECF Nos. 20 & 21.) Although it decided that Doe and Smith may use pseudonyms in the pleadings, motions, docket entries, and all written materials filed in this case, the court qualified this grant of anonymity by stating that "[t]heir identities are or must be made known to [Spoa]." (ECF No. 20 at 10.) The court also explained that Doe and Smith must use their legal names if they appear in court.

On October 17, 2013, before providing Spoa with Smith's identity, the EEOC requested that Spoa agree to a protective order regarding the identities of Smith and Doe. (Def.'s Mot. to

---

proposed protective order. Spoa refused to consent to the protective order. Therefore, the court does not find Spoa's motion premature, and the EEOC's request for costs will be denied.

Compel Compliance with Ct. Order, ECF No. 23, at 2; *see also* Proposed Stipulated Protective Order, ECF No. 23-1, at 3.)[3] The EEOC considered the proposed protective order necessary to implement the court's October 15, 2013, Order. (*See* Proposed Stipulated Protective Order at 3.) The proposed protective order provides that all discovery materials containing the "true names" of Smith and Doe are to be designated as confidential documents, may only be used for the purpose of prosecuting or defending this case and certain related actions, and may only be disclosed to certain individuals and entities, including the parties and their employees, the court and its officers, individuals being deposed, and trial witnesses. (*Id.* at 3–5.) It states that, prior to disclosing confidential materials to individuals or entities within Spoa's control, Spoa must inform them of the protective order and obtain their written agreement to the order. (*Id.* at 4.) It also provides that Spoa must inform individuals or entities over whom it does not exercise control about the protective order; it does not state, however, that these individuals or entities must sign the protective order. (*Id.*) Finally, the proposed protective order outlines procedures for challenging a designation of confidentiality, redacting documents filed with the court, and returning confidential materials at the conclusion of this case. (*Id.* at 5.)

Spoa argues in its motion to compel that the EEOC's insistence that it sign the proposed protective order as a condition to learning Smith's true identity violates the court's October 15, 2013, Order. (Def.'s Mot. to Compel at 2.) In addition, according to Spoa, the proposed protective order places "unfair burdens" on its ability to investigate. (*Id.* at 3.) While the EEOC

---

[3] The EEOC asserts that Spoa previously was agreeable to entry of a protective order. (Pls.' Mot. for Protective Order, ECF No. 25-1, at 8.) Indeed, in an August 13, 2013, email, Spoa's counsel indicated willingness to enter into a protective order. (*See* Email from Julie Janofsky to Lindsey White, ECF No. 25-6, at 2.) But Spoa explains, in its opposition to the motion for a protective order, that the protective order to which it earlier agreed was "only an interim measure to preserve the status quo regarding confidentiality for a few weeks at most, while the parties went to an early mediation . . . ." (Def.'s Opp. to Pls.' Mot. for Protective Order, ECF No. 30, at 2.)

was free to investigate without the restrictions of the protective order, Spoa argues that the order will have "a chilling effect on the cooperation and free exchange of information between Spoa and potential witnesses and other third parties, including Spoa's own employees, who would be compelled to sign a document consenting to be subject to a court order 'under threat of penalty or contempt of Court.'" (*Id.*)  Spoa is further concerned that it may be exposed to liability if any third parties breach confidentiality, even if they do so inadvertently.  (*Id.*)

After Spoa filed its motion to compel compliance with the court's October 15, 2013, Order, the EEOC and Doe moved for entry of the proposed protective order.  (*See* Pls.' Mot. for Protective Order, ECF No. 25-1.)  The EEOC has not, to date, provided Spoa with Smith's true identity.

## ANALYSIS

a. **Motion for Protective Order and Motion to Compel**

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  To satisfy the "good cause" standard, the movant must show "some plainly adequate reason" for the protective order to be issued.  *See Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009) (citation and internal quotation marks omitted).  The court determines that the EEOC has shown "good cause" for entry of the proposed protective order.  As the court earlier recognized, this case involves highly private and sensitive experiences of sexual assault, and Doe and Smith may face psychological harm from having these experiences made widely available.  The protective order shields Doe and Smith from needless risk of mental harm by ensuring that their identities are disclosed only to individuals and entities with a need to know.  Moreover, the EEOC is correct that the protective order is necessary to implement the

court's October 15, 2013, Order. Indeed, without the protective order, the court's previous Order permitting Doe and Smith to proceed anonymously lacks meaning. There would be no point in allowing Doe and Smith to remain anonymous in the pleadings, motions, docket entries, and all written materials filed in this case if Spoa or another entity or individual could disclose the women's identities in some other way.

The court next rejects Spoa's claim that it will be unfairly burdened if the protective order is entered. The protective order allows Spoa to reveal Doe's and Smith's identities to individuals and entities essential to its investigation, including "[p]ersons noticed for depositions and trial witnesses," its insurance company and company employees working on this case, "its owners, and corporate agent(s), including but not limited to any employee of [Spoa] whose acts or omissions are at issue in the case," and "[p]ersons who may have information that may assist [Spoa] in formulating its defense of the case." (Proposed Stipulated Protective Order at 4.) It does not in any way limit what Spoa may discuss with these individuals or entities. Furthermore, the court is not convinced that requiring individuals over whom Spoa has control to provide written consent to the protective order will hamper its investigation. It is true that individuals under Spoa's control must agree to the protective order "under threat of penalty or contempt of Court." (*Id.* at 7.) But the court cannot contemplate any reason why individuals over whom Spoa has control might need to disclose Doe's or Smith's identities to others, and, thus, the court does not find the protective order would deter individuals under Spoa's control from assisting with its investigation. The court also is not persuaded that individuals may be unwilling to speak with Spoa due to penalties for inadvertent disclosure of Doe's and Smith's identities. Although the protective order may cover the situation of inadvertent disclosure to a third person, the court

is much more concerned with the situation where Doe's and Smith's identities are shared publicly, such as on the Internet or with a news source.[4]

Spoa also complains that the proposed protective order is one-sided, offering no protection as to Spoa's confidential information that might be produced in this case. As a preliminary matter, the court notes that the protective order binds all the parties to this action and, therefore, is not the one-sided agreement depicted by Spoa. Additionally, if Spoa believes that its confidential information is at risk, the appropriate action is for it to file a motion for a protective order—not for the court to deny the EEOC's motion. Accordingly, the court will enter the proposed protective order.

Finally, it does not appear that the EEOC opposes Spoa's request for thirty days from the date of disclosure of Smith's identity to answer claims regarding Smith. Spoa's motion to compel and for other relief will be granted in part—as to its request for thirty days to answer claims relating to Smith upon learning her true identity—and otherwise denied.

**b. Motion to Strike Affirmative Defenses**

Pursuant to Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In particular, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation and internal quotation marks omitted). Nevertheless, courts generally view Rule 12(f) motions with disfavor because "striking a portion of a pleading is a drastic remedy and because it is often sought by the movant

---

[4] As to Spoa's concern that it may be held liable for third parties' disclosure of Doe's and Smith's identities, the protective order does not hold Spoa responsible for others' violations of confidentiality. Rather, Spoa would be held responsible for its own violations, and other individuals and entities would be held responsible for theirs.

simply as a dilatory tactic." *Id.* (citation and internal quotation marks omitted). A Rule 12(f) motion, therefore, will ordinarily be denied "unless the matter under challenge has no possible relation to the controversy and may prejudice the other party." *U.S. ex rel. Ackley v. Int'l Bus. Machs. Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (citation and internal quotation marks omitted); *see also Haley Paint Co. v. E.I. Du Pont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md 2012) (exercising discretion not to strike defenses where the plaintiffs "articulated no prejudice that would result from a denial of their motion").

The EEOC and Doe assert that Spoa's affirmative defenses of estoppel and waiver should be stricken as "insufficient as a matter of law" because "[s]exual harassment victims are not required to file criminal charges and retain evidence of sexual assault in order to bring Title VII claims." (Pls.' Mot. to Strike, ECF No. 31-1, at 4.)[5] The court—while not deciding the merits of the estoppel and waiver defenses—determines that the EEOC and Doe fail to meet their burden. Here, Spoa denies that Doe was sexually assaulted, and posits that the absence of physical evidence or criminal charges goes to whether Doe was a victim of sexual assault. The court agrees with Spoa that whether the sexual assault occurred may bear on the outcome of the case, and, thus, it cannot conclude at this time that the challenged defenses have "no possible relation to the controversy." *U.S. ex rel. Ackley*, 110 F. Supp. 2d at 406. In addition, the EEOC cannot claim prejudice when it has been given early notice of the affirmative defenses and when the defenses will not in any significant way affect the scope of discovery. The court will not strike affirmative defense no. 21 in the answer to the EEOC's complaint or affirmative defense no. 15 in the answer to Doe's amended complaint.

---

[5] Spoa concedes that an individual need not file criminal charges or retain physical evidence to bring a Title VII claim. (Def.'s Opp. to Pls.' Mot. to Strike, ECF No. 33, at 5.) But Spoa asserts that such an individual "may not necessarily *prevail*." (*Id.*)

Next, the EEOC and Doe argue that the court should strike the affirmative defenses of (1) laches, (2) failure to follow EEOC procedures for investigation, determination, and conciliation, and (3) failure to identify class members during conciliation because the court considered and rejected the arguments in its October 15, 2013, Memorandum. First, as to the laches defense, the court considered and rejected this argument when it denied Spoa's motion to dismiss. That the court already considered this argument is apparent from Spoa's answers, which describe the laches defense as "more specifically set forth in Defendant's Motion to Dismiss and accompanying Memorandum, as well as Defendant's Reply Memorandum (Docs. 8, 8-1 and 17)." (Def.'s Answer to EEOC's Compl., ECF No. 28, at ¶ 8; Def.'s Answer to Doe's Compl., ECF No. 29, at ¶ 8.) Although Spoa properly cites Rule 8(c)(1) for the proposition that a defendant "must affirmatively state" any laches defense, this does not mean that Spoa may continue to assert the laches defense when the court has ruled there is no factual basis for it. Fed. R. Civ. P. 8(c)(1). The EEOC and Doe are correct that "there are no further facts to develop regarding" the laches defense; Spoa cannot claim that discovery is necessary to the court's determination of whether laches applies to this case. (Pls.' Reply, ECF No. 34, at 6.) Moreover, having raised laches in its earlier motion to dismiss, Spoa cannot now claim that this defense will be waived if it is stricken from the answers to the EEOC's and Doe's complaints; Spoa does not point to any case within the Fourth Circuit to support that waiver will result from the court granting the motion to strike. The court will strike affirmative defense no. 8 in Spoa's answer to the EEOC's complaint and affirmative defense no. 8 in its answer to Doe's amended complaint, with the understanding that the defenses have been not been waived.

Second, as to the defense that the EEOC failed to follow its own administrative procedures, Spoa acknowledges that it raised this defense in its motion to dismiss papers. (*See*

Def.'s Answer to EEOC's Compl. at ¶ 9; Def.'s Answer to Doe's Compl. at ¶ 9.) Indeed, the court decided in its October 15, 2013, Memorandum that the EEOC satisfied its duty of conciliation with respect to Doe, Smith, and former manager Dimitra Kokkinakos. In determining that the EEOC satisfied its duty with respect to Smith, the court reasoned that the Commission attempted conciliation for an alleged class of female employees of Basta Pasta and Smith is a member of the alleged class. Implied in the court's reasoning is that the EEOC satisfied its duty to conciliate with respect to alleged class members. Spoa argues that the court's earlier determination that the EEOC followed its own procedures "was based on a limited record," but discovery will not reveal new facts regarding conciliation. (Def.'s Opp. to Pls.' Mot. to Strike, ECF No. 33, at 10.) Having ruled that the EEOC satisfied its duty to conciliate, the court will strike Spoa's affirmative defense no. 9 in its answer to the EEOC's complaint and affirmative defense no. 9 in its answer to Doe's amended complaint.

Finally, as to the affirmative defense of failure to identify class members during conciliation, the court stated in its October 15, 2013, Memorandum that "the Commission need not identify each member or potential member of a class and conciliate with respect to each individual to file suit on behalf of the class." (ECF No. 20 at 13.) Accordingly, the court denied Spoa's argument that, because the EEOC did not identify Smith during conciliation, the suit must be dismissed under Rule 12(b)(1). Spoa incorrectly relies on the following footnoted language to argue that the court did not rule on the issue of the EEOC's failure to identify class members during conciliation:

> Spoa also claims, in its reply memorandum, that the EEOC's complaint is inadequate under Rule 12(b)(6) because it "does not provide any notice whatsoever as to the names of the individual group or 'class' members for whom damages are sought, or even the size of the putative group or 'class.'" (ECF No. 17 at 11.) Because Spoa did not raise this issue in its original brief, the court declines to consider it. *See United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006).

(*Id.* at 12 n.5.) In that footnote, the court declined to consider Spoa's Rule 12(b)(6) argument, not its Rule 12(b)(1) argument. Based on the court's understanding that affirmative defense no. 10 in Spoa's answer to the EEOC's complaint sounds in Rule 12(b)(1), and the fact that the court already ruled on this defense, it will be stricken.[6]

## CONCLUSION

For the reasons set forth above, the court will grant in part and deny in part Spoa's motion to compel and for other relief, grant the EEOC's motion for a protective order, and grant in part and deny in part the EEOC's and Doe's motion to strike. A separate order follows.


January 3, 2014                                     /s/
Date                                                     Catherine C. Blake
                                                          United States District Judge

---

[6] Discovery will not affect the court's conclusion that the law does not require the EEOC to identify each member or potential member of a class and conciliate with respect to each individual to file suit on behalf of the class.