RECEIVED IN THE OFFICE OF
CATHERINE C. BLAKE

MAY 23 2014

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 13-cv-1615-CCB ) ) |
| JANE DOE, | ) ) |
| Plaintiff-Intevenor | ) |
| v. | ) ) |
| SPOA, LLC, d/b/a Basta Pasta, | ) ) |
| MARATHO'S, LLC, d/b/a Basta Pasta, | ) ) |
| Defendants. | ) ) |

## CONSENT DECREE

On June 4, 2013, the Equal Employment Opportunity Commission ("the EEOC") brought this action against Defendant Spoa, LLC, d/b/a "Basta Pasta" under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, alleging sexual harassment and retaliation. On July 22, 2013, Plaintiff-Intervenor Jane Doe moved to intervene. The Commission and Jane Doe later amended their Complaints to add Maratho's, LLC, d/b/a "Basta Pasta" (hereinafter with Spoa, LLC referred to as "Defendants" or "Basta Pasta") as a Defendant. Defendants deny having engaged in any unlawful discrimination, harassment or other unlawful conduct, and deny all of the allegations made by the Commission and Jane Doe in the pleadings. Therefore, this Consent Decree represents the settlement and compromise of disputed claims.

The parties desire to resolve this action without the time and expense of continued litigation and appeals, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Amended Complaint filed by the EEOC in this Title VII action, ("the Complaint"), which emanated from the Charge of Discrimination filed by Jane Doe. This Decree in no way affects the EEOC's right to process any other pending or future charges that may be filed against Defendants and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree applies to all Basta Pasta locations that are currently open and those that may open in the future, and shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

### Monetary Relief

3. Defendants shall pay a total of $200,000.00 to resolve all issues and claims in this case, including but not limited to all compensatory damages and back pay claims, and Plaintiff-Intervenor's attorneys' fees.

A. Defendants shall pay Jane Doe (whose true name is identified in Attachment A, filed under seal) monetary relief in the total amount of $100,000, for all compensatory damages

2

and back pay claims. Of this amount, $20,000.00 shall constitute back pay, $50,000.00 shall constitute compensatory damages, and $30,000.00 shall constitute attorneys' fees. Said amount shall be paid within 30 days of entry of this Decree. Defendants shall administer proper withholdings from the back pay portion for taxes and required employee contributions for FICA and Medicare. Defendants' required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the portion of the payment representing compensatory damages. Defendants will issue to Jane Doe (in her true name) a United States Internal Revenue Service Form 1099 for the 2014 tax year for the compensatory damage amounts paid to her, and a W-2 form for the back pay paid to her. Defendants will issue a second IRS Form 1099 to Doe's attorneys for the amount representing payment of their attorneys' fees. The checks to Doe will be made payable to Doe's true name, and will be mailed in care of her attorney of record, Stephen Lebau, with copies of the checks and related correspondence to the EEOC. The attorneys' fees shall be paid on Jane Doe's behalf through one check made payable to Lebau & Neuworth, LLC, and mailed to the address contained in the signature line. For the 2014 tax year, Defendants will issue to Lebau & Neuworth, LLC an IRS Form 1099, designating the amount as "gross proceeds paid to an attorney." Doe and her attorneys shall cooperate in providing to Defendants any W-9 forms or other forms required so that Defendants may comply with any tax obligations.

B.   Defendants shall pay Dimitra Kokkinakos monetary relief in the total amount of $70,000 for back pay and compensatory damages. Of this amount, $35,000 shall constitute back pay, and $35,000 shall constitute compensatory damages. Said amount shall be paid within 30 days of entry of this Decree. Defendants shall administer proper withholdings from the back pay portion for taxes and required employee contributions for FICA and Medicare. Defendants'

3

required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the portion of the payment representing compensatory damages. Defendants will issue to Kokkinakos a United States Internal Revenue Service Form 1099 for the 2014 tax year for the compensatory damages amounts paid to her and a W-2 form for the back pay paid to her. The checks will be made payable to Dimitra Kokkinakos and will be mailed directly to her, with copies and related correspondence mailed to the EEOC. Kokkinakos shall cooperate in providing to Defendants any W-9 forms or other forms required so that Defendants may comply with any tax obligations.

C.  Defendants agree to pay the total amount of $30,000, designated as compensatory damages, to be distributed among the "Class Members," which includes "Mary Smith," whose true name is identified in Attachment A. Within five business days of the date of entry of the Consent Decree, Defendants shall provide the Commission with a list of the names, social security numbers, and last known phone numbers and addresses of all female employees who worked at all Basta Pasta locations from 2009 through present.

D.  EEOC shall provide the names, current addresses, and amounts payable to each Class Member to Defendants within 90 calendar days of the date of entry of the Consent Decree, along with a completed W-9 form for each Class Member to whom payment will be made.

E.  Within ten business days of written notice by the Commission, Defendants shall mail all checks directly to each such Class Member at the current address provided by EEOC, and copies of each check and related correspondence shall be mailed to the EEOC. Defendants will issue a United States Internal Revenue Service Form 1099 for the 2014 tax year for each Class Member.

F.  Defendants shall promptly notify the EEOC in writing if any checks are returned or not cashed after a period of thirty calendar days has elapsed after being mailed.

G.  In the event that the Commission determines that there are no eligible persons who are entitled to receive compensation designated for the "Class Members," or in the event that there is a monetary amount remaining after distribution, Defendants shall distribute the remaining amount to the Women's Law Center of Maryland.

4.  All checks shall be mailed via U.S. Mail, UPS, or other national delivery overnight firm to addresses contained in this Decree or provided separately by the EEOC. Photocopies of all checks and related correspondence will be mailed to the EEOC.

### Injunctive Relief

5.  Defendants, their managers, officers, agents, parent organizations, successors, purchasers, assigns, subsidiaries, affiliates, and any corporation or entity into which Defendants may merge or with which Defendants may consolidate are enjoined from engaging in sex discrimination by creating or maintaining a hostile work environment on the basis of sex. The prohibited hostile work environment includes the use of offensive or derogatory comments, or other verbal or physical conduct based on an individual's sex, which creates a severe and/or pervasive hostile working environment, or interferes with the individual's work performance that violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) to discriminate against any individual with respect to [her] ... terms, conditions, or privileges of employment, because of such individual's ... sex ....

42 U.S.C. § 2000e-2(1).

6.  Defendants, their managers, officers, agents, parent organizations, successors, purchasers, assigns, subsidiaries, affiliates, and any corporation or entity into which Defendants

5

may merge or with which Defendants may consolidate, are further enjoined from retaliating against any individual for asserting her or his rights under Title VII or otherwise engaging in protected activity, such as by complaining of discrimination, opposing discrimination, filing a charge, or giving testimony or assistance with an investigation or litigation, including, but not limited to, participating in this matter in any way including by giving testimony, as set forth in the following provision of Title VII:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

### Monitoring Provisions

7.  Defendants shall retain a neutral third party (hereinafter "Independent Monitor") to receive and promptly investigate complaints of sexual harassment and retaliation, and to make prompt and appropriate recommendations to Defendants concerning the remediation and resolution of such complaints for the first two (2) years of this Decree. The Independent Monitor, in his or her sole discretion, may copy EEOC counsel on these recommendations. The parties have agreed that Jody Maier, Esquire, of Levin & Gann will serve as the Independent Monitor. In the event Ms. Maier is unable to serve as Monitor, the Defendants will designate a new Independent Monitor, subject to approval by the EEOC. The Independent Monitor must provide a written report to the EEOC, with a copy to Defendants' counsel, annually concerning all of its activities pursuant to this Decree.

8.  Defendants will give their full cooperation to the Independent Monitor in the performance of the Independent Monitor's responsibilities under the Consent Decree and will

pay all costs, fees, and expenses of the Independent Monitor. Defendants will give the Independent Monitor full access to Defendants' officers, managers, supervisors, employees, and documents and records related to the performance of the Independent Monitor's responsibilities under the Consent Decree. Defendants will immediately inform the Independent Monitor of any allegations, reports or suspected incidents of sexual harassment or retaliation.

### Sexual Harassment and Retaliation Policy

9. Within fourteen (14) days of entry of this Decree, Defendants shall implement written policies and procedures prohibiting sexual harassment and retaliation, attached as Attachment B.

10. No later than 30 days of the entry of this Decree, Defendants shall distribute the policy (Attachment B) in hard copy form to each current employee. In addition, Defendants will distribute the policy in hard copy form to any new employees within seven (7) days of hire. Defendants must also promptly post the new policy in each facility in a manner easily visible to all employees and promptly forward a copy of any amended policy to EEOC and the Independent Monitor.

### Training

11. Defendants shall conduct a live two-hour training session for all management and supervisory employees on the requirements of Title VII's prohibitions against sexual harassment and retaliation, as well as the requirements and prohibitions of this Decree. The training must be completed within 60 days of the entry of this Decree. Defendants will also provide the training to all new management and supervisory employees within 30 days of their hire or promotion for the first two (2) years of this Decree. Training for new management and supervisory employees may be pre-recorded. Defendants must maintain attendance sheets identifying each person who

attended each training session, and must forward a copy of the attendance sheets to the Independent Monitor, along with a current list of employees, within seven days of each training session.

12. Defendants must also conduct a live training session for all non-management employees on the requirements of Title VII's prohibitions against sexual harassment and retaliation and the requirements and prohibitions of this Decree. The training sessions will be completed within 60 days of the entry of this Decree. Such training will also be provided to all new non-management employees within 30 days of their hire for the first two (2) years of this Decree. Subsequent training may be pre-recorded. Defendants must maintain attendance sheets identifying each person who attended each training session, and must forward a copy of the attendance sheets to the Independent Monitor along with a copy of Defendants' current employee roster within seven days of each training session.

13. The parties agree that any required in-person training shall be provided by an attorney from Fedder & Janofsky LLC. No later than 30 days of the entry of this Decree, the trainer must provide EEOC with the proposed written materials and training outline. EEOC will then approve or disapprove of the training materials. Approval may not be unreasonably withheld by EEOC. If EEOC disapproves of the proposed training materials, it will work with the trainer to produce suitable training materials.

14. After EEOC's approval of the training materials, Defendants must provide EEOC with fourteen days' notice and receive EEOC approval before making any changes to the written materials and training outline.

8

### Posting

15. Defendants will post an 8 ½" x 11" notice, attached as Attachment C, in all employee break rooms. Within ten business days of the posting, Defendants will provide the EEOC's counsel of record with certification that the posting has occurred. Defendants must promptly forward a copy of any amended notice to EEOC and the Independent Monitor.

### Monitoring

16. The EEOC has the right to monitor and review compliance with this Decree. Accordingly:

a. Annually for the duration of this Decree, and one month before the expiration of this Decree, Defendants must submit written proof via affidavit to the EEOC that it has complied with each of the requirements set forth above. Such proof must include, but need not be limited to, an affidavit by a person with knowledge establishing: (a) the completion of training; (b) that the sexual harassment and retaliation policy has been distributed and remains posted in accordance with this Consent Decree; and (c) that it has complied with the injunctions in paragraphs 5 and 6.

b. For the duration of this Consent Decree, Defendants must create and maintain such records as are necessary to demonstrate its compliance with this Consent Decree and 29 C.F.R. §1602 *et seq.* and maintain an updated EEO poster in compliance with 42 U.S.C. § 2000e-10.

c. Any report or notification to the EEOC required of Defendants under this Decree shall be sent to Lindsey White, Trial Attorney, EEOC, 10 South Howard Street, Third Floor, Baltimore, MD 21201.

## Miscellaneous Provisions

17. Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the EEOC shall notify Defendants, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendants shall have thirty (30) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing. If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach.

18. The Commission and Defendants shall bear their own costs and attorneys' fees.

19. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR PLAINTIFF:

*/s/ Debra M. Lawrence*
Debra M. Lawrence
Regional Attorney

*/s/ Maria Salacuse by smy*
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

*/s/ Lindsey A. White*
Lindsey A. White (Bar No. 29183)
Trial Attorney
Phone: (410) 209-2233
E-mail: Lindsey.White@eeoc.gov
U.S. EEOC
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201

FOR DEFENDANTS:

*/s/ Julie C. Janofsky*
Julie C. Janofsky
Fedder & Janofsky LLC
2650 Quarry Lake Drive, Suite 100
Baltimore, MD 21209
Phone: (410) 415-0080
E-mail: JJanofsky@mdcounsel.com

11

FOR PLAINTIFF-INTERVENOR JANE DOE:

/s/
_____

Stephen Lebau
(signed by Lindsey A. White with permission of Stephen Lebau)
Lebau & Neuworth, LLC
606 Baltimore Avenue, #201
Baltimore, MD 21204
Phone: (410) 296-2020, ext. 203
E-mail: sl@joblaws.net

**SO ORDERED.**

Signed and entered this 28th day of May, 2014.

_____
Catherine C. Blake
United States District Court Judge

Attachments

A- (Under seal) Identification of Jane Doe and Mary Smith
B- New Anti-Harassment Policy
C- Notice

# Attachment B

## ANTI-HARASSMENT POLICY

It is the policy of the Company to maintain a working environment which encourages mutual respect, promotes respectful and congenial relationships between employees and is free from all forms of harassment of any employee or applicant for employment by anyone, including supervisors, co-workers, vendors, or customers. Harassment in any manner or form is expressly prohibited and will not be tolerated by the Company. Accordingly, company management is committed to vigorously enforcing this policy against harassment, including but not limited to sexual harassment, at all levels within the Company.

Reported or suspected occurrences of harassment will be promptly and thoroughly investigated. Where harassment is determined to have occurred, the Company will immediately take appropriate disciplinary action, including written warnings and possible suspension, transfer and/or termination.

The Company will not permit or condone any acts of retaliation against anyone who files harassment complaints or cooperates in the investigation of same. Retaliation is anything that would reasonably dissuade an employee from making a complaint and can include, but is not limited to, termination, suspension, discipline, denial of promotion, subjecting the employee to different terms and conditions as other employees, and retaliatory harassment.

1. The term "harassment" includes but is not limited to unwelcome slurs, jokes, verbal, graphic or physical conduct relating to an individual's race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition (including, but not limited to, cancer related or HIV/AIDS related), marital status, sex, gender (including sex stereotyping), age or sexual orientation or military status.

2. Sexual harassment consists of unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature where:

    a. Submission to such conduct is an explicit or implicit term or condition of employment;

    b. Employment decisions are based on an employee's submission to or rejection of such conduct; or,

    c. Such conduct interferes with an individual's work performance or creates an intimidating, hostile or offensive working environment.

3. The term "harassment" may also include conduct of employees, supervisors, vendors and/or customers who engage in verbally or physically harassing behavior which has the potential for humiliating or embarrassing an employee of the Company.

Complaint Procedure

The Company provides its employees with a convenient and reliable method for reporting incidents of harassment, including sexual harassment. Any employee who feels that they have been or are being harassed, or discriminated against, is encouraged to immediately inform the alleged harasser that the behavior is unwelcome. In most instances, the person is unaware that their conduct is offensive and when so advised can easily and willingly correct the conduct so that it does not reoccur. If the informal discussion with the alleged harasser is unsuccessful in remedying the problem or if such an approach is not possible, the employee should immediately report the conduct to the Company's Independent Monitor, Jody Maier, (410) 321-4665. Employees may also report conduct to the Equal Employment Opportunity Commission or Maryland Commission on Human Rights. We cannot help resolve a harassment problem unless we know about it. Therefore, it is your responsibility to bring those kinds of problems to our attention so that we can take the necessary steps to correct the problem. The report should include all facts available to the employee regarding the harassment.

Confidentiality

All reports of harassment will be treated seriously. However, absolute confidentiality is not promised nor can it be assured. Your complaint will be presented to the person accused of misconduct, so that a complete investigation may be made. In addition, your complaint may be disclosed to others to the extent necessary to make a thorough investigation and to take appropriate corrective measures, and it may be used as evidence in a court or administrative proceeding.

Investigative Procedure

Once a complaint is received, the Company's Independent Monitor, Jody Maier, (410) 321-4665, will begin a prompt and thorough investigation. The investigation may include interviews with all involved employees, including the alleged harasser, and any employees who are aware of facts or incidents alleged to have occurred. Once the investigation is completed, a determination will be made regarding the validity of the harassment allegations. If it is determined that harassment has occurred; prompt, remedial action will be taken. This may include some or all of the following steps:

1. Restore any lost terms, conditions or benefits of employment to the complaining employee.

2. Discipline the harasser. This discipline can include written disciplinary warnings, transfer, demotion, suspension, and termination.

If the harassment is from a vendor or customer, the Company will take appropriate action to stop the conduct.

2

Duties of Employees and Supervisors

All employees of the Company, both management and non-management, are responsible for assuring that a workplace free of harassment is maintained. Any employee may file a harassment complaint regarding incidents experienced personally or incidents observed in the workplace. The Company strives to maintain a lawful, pleasant work environment where all employees are able to effectively perform their work without interference of any type and requests the assistance of all employees in this effort.

All company supervisors and managers are expected to adhere to the Company's anti-harassment policy. Supervisors' evaluations may include an assessment of the supervisor's efforts in following and enforcing this policy.

All managers and supervisors are responsible for doing all they can to prevent and discourage harassment from occurring. If a complaint is raised, supervisors and managers are to act promptly so that an investigation may proceed. If a supervisor or manager fails to follow this policy, he or she will be disciplined. Such discipline may include termination.

## ACKNOWLEDGEMENT OF RECEIPT OF ANTI-HARASSMENT POLICY

I HAVE RECEIVED A COPY OF THE Company's Anti-Harassment Policy. I understand it is my responsibility to carefully read the policy and become familiar with its contents. If I have any questions or need to report a complaint, I will follow the procedure in the policy.

_____          _____
*Employee Signature*                   *Date*


_____
*Print Employee's Full Name*

3

# Attachment C



# NOTICE TO BASTA PASTA EMPLOYEES

This Notice is posted as part of an agreement between the Equal Employment Opportunity Commission ("EEOC") and Spoa, LLC and Marathos, LLC, d/b/a "Basta Pasta." This Notice outlines Basta Pasta's obligations under Title VII of the Civil Rights Act of 1964, as amended.

Title VII prohibits employment discrimination based on sex, race, color, national origin, or religion. Title VII also prohibits retaliation against individuals who have complained of or opposed discrimination. Unlawful discrimination can take the form of harassment based on one of these protected categories.

**Basta Pasta WILL NOT engage in any acts or practices made unlawful under Title VII.**

**Basta Pasta WILL NOT tolerate sexually offensive comments or conduct in the workplace.**

**Basta Pasta WILL NOT tolerate harassment against an individual for complaining of discrimination.**

**Basta Pasta WILL NOT retaliate against any individual for complaining of or opposing discrimination.**

Basta Pasta's Discrimination and Harassment Policy requires those persons who believe that they have been subjected to unlawful harassment and/or retaliation to report it to the Company's Independent Monitor Jody Maier at (410) 321-4665. Basta Pasta, through its Independent Monitor, will thoroughly investigate all such complaints with due regard for the privacy of the individuals involved. Any employee who knowingly retaliates against an employee who has complained of discrimination shall be subject to immediate disciplinary action, up to and including discharge.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may also seek assistance from the EEOC by visiting the EEOC's Baltimore District Office at 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 1-800-669-4000/ TTY (410) 962-6065. General information may also be obtained on the Internet at www.eeoc.gov.

_____
Mihail Sakellis, Member                Date Posted



# NOTICE TO BASTA PASTA EMPLOYEES

This Notice is posted as part of an agreement between the Equal Employment Opportunity Commission ("EEOC") and Spoa, LLC and Marathos, LLC, d/b/a "Basta Pasta." This Notice outlines Basta Pasta's obligations under Title VII of the Civil Rights Act of 1964, as amended.

Title VII prohibits employment discrimination based on sex, race, color, national origin, or religion. Title VII also prohibits retaliation against individuals who have complained of or opposed discrimination. Unlawful discrimination can take the form of harassment based on one of these protected categories.

**Basta Pasta WILL NOT engage in any acts or practices made unlawful under Title VII.**

**Basta Pasta WILL NOT tolerate sexually offensive comments or conduct in the workplace.**

**Basta Pasta WILL NOT tolerate harassment against an individual for complaining of discrimination.**

**Basta Pasta WILL NOT retaliate against any individual for complaining of or opposing discrimination.**

Basta Pasta's Discrimination and Harassment Policy requires those persons who believe that they have been subjected to unlawful harassment and/or retaliation to report it to the Company's Independent Monitor Jody Maier at (410) 321-4665. Basta Pasta, through its Independent Monitor, will thoroughly investigate all such complaints with due regard for the privacy of the individuals involved. Any employee who knowingly retaliates against an employee who has complained of discrimination shall be subject to immediate disciplinary action, up to and including discharge.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may also seek assistance from the EEOC by visiting the EEOC's Baltimore District Office at 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 1-800-669-4000/ TTY (410) 962-6065. General information may also be obtained on the Internet at www.eeoc.gov.

_____
John Livaditis, Member          Date Posted